IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BENJAMIN PATINO LOPEZ,**

    **Plaintiff,**

v.                                 **Civil Action No. 5:07cv163**
                                     **(Judge Stamp)**

**KIM WHITE, et al.,**

    **Defendants.**

## ORDER DENYING MOTION FOR COUNSEL AND GRANTING EXTENSION OF TIME TO PAY INITIAL PARTIAL FILING FEE

On December 17, 2007, *pro se* plaintiff, Benjamin Patino, initiated this civil rights complaint. On February 13, 2008, he was granted leave to Proceed *in forma pauperis* and was ordered to pay his initial partial filing fee of $55.06 within thirty days. On February 25, 2008, the plaintiff filed a letter which the undersigned has construed as a Motion to appoint counsel and a Motion for an extension of time within which to pay the initial partial filing fee.

In contrast to a criminal proceeding in which the Court has a duty to assign counsel to represent an indigent defendant in accordance with his constitutional rights, the Court in a civil case has the discretion to request an attorney to represent a person unable to employ counsel. See 28 U.S.C. §1915(e)(1). It is well settled that in a civil action the Court should appoint counsel to represent an indigent only after a showing of a particular need or exceptional circumstances. Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The plaintiff has failed to demonstrate that his current circumstances require the appointment of counsel for him to pursue a civil rights cause of action under 28 U.S.C. §1331. Thus, the Court finds that appointment of counsel is not necessary in order for the plaintiff to adequately pursue his complaint.

On December 6, 2007, the plaintiff had $208.78 in his prisoner trust account, which would have

been more than sufficient to pay the initial filing fee of $55.06. However, it would appear that between that date, and the February 13, 2008, when the plaintiff was granted leave to proceed *in forma pauperis*, he no longer has sufficient funds to pay the initial partial filing fee. The plaintiff maintain, however, that he has asked his father to assist him paying the fee. Accordingly, the plaintiff shall be given additional time within which to comply with the Court's order to pay the $55.06.

For the reasons stated above, it is hereby **ORDERED** that the plaintiff's Motion (Doc. 10) be granted in part and denied in part. More specifically, the plaintiff Motion for appointment of counsel is **DENIED**, and the plaintiff's Motion for an extension of time to pay the $55.06 initial partial filing fee is **GRANTED**. The plaintiff shall have an additional thirty (30) days from entry of this Order to pay the $55.06.

IT IS SO ORDERED.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: February 27, 2008.

                                           /s/ James E. Seibert
                                           JAMES E. SEIBERT
                                           UNITED STATES MAGISTRATE JUDGE