```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

BENJAMIN PATINO LOPEZ,

    Plaintiff,

v.                                        Civil Action No. 5:07CV163
                                                          (STAMP)

KIM WHITE, Regional Director,
JOYCE FRANCIS, Warden,
CECIL NICHOLS, Associate Warden Programs,
D. JONES, Unit Discipline Committee Chairman
and M. RAMEY, Chaplin,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Facts and Procedural History

The plaintiff, Benjamin Patiño Lopez, proceeding pro se,[1] filed a complaint on December 17, 2007, asserting constitutional claims against the defendants. Because the plaintiff is a federal prisoner, his constitutional claims are evaluated under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), which established a direct cause of action under the Constitution of the United States against federal officials for violation of federal constitutional rights. Bivens, 403 U.S. at 397. This matter was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommended

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

disposition pursuant to Local Rule Prisoner Litigation Procedure 83.01, et seq., and 28 U.S.C. §§ 1915(e) and 1915(A).

According to the complaint, the plaintiff alleges that Bureau of Prisons ("BOP") staff violated his First Amendment right to free exercise of religion by segregating him before All Saints' Day communion based on false disciplinary charges. Additionally, the plaintiff alleges that he was not allowed to participate in readings and other events during Catholic services at the chapel. Finally, the plaintiff makes an allegation of race discrimination. BOP staff allegedly would not allow the plaintiff to participate in the Life Connections Program because of his ethnicity. He further states in his complaint that, as a result of his constitutional injuries, his psychiatrist prescribed anti-depressant drugs to help him cope. The plaintiff is no longer at FCI-Gilmer, the institution where the alleged constitutional violations occurred. The plaintiff asks for $1,250,000.00 as relief for his injuries.

Thereafter, the defendants filed a motion to dismiss. The magistrate judge issued a Roseboro notice. The plaintiff then responded to the defendants' motions to dismiss.

The magistrate judge issued a report and recommendation recommending that the defendants' motion to dismiss or in the alternative, motion for summary judgment be granted and that the plaintiff's complaint dismissed with prejudice.

In his report, the magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party objecting to his

proposed findings and recommendation must file written objections within ten days after being served with a copy of the report. The plaintiff filed timely objections.

For the reasons set forth below, this Court finds that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the plaintiff has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

A. Defendant White

As a preliminary matter, this Court addresses the issue of whether personal jurisdiction exists in this matter over defendant White. Personal jurisdiction requires that the defendant have sufficient minimum contacts with the forum such that requiring the defendant to defend her interest in the forum would not offend the traditional notions of fair play and substantial justice.

3

International Shoe Co. v. State of Washington, 326 U.S. 310 (1945). According to the defendants, White is a resident of the State of Maryland, and at all times relevant to the plaintiff's complaint, White was working in Annapolis Junction, Maryland at the Bureau of Prisons' Mid-Atlantic Regional Office. The defendants claim that to subject White to the personal jurisdiction in this forum would offend traditional notions of fair play and substantial justice.

A federal court may exercise personal jurisdiction over a defendant where the long-arm statute of the state where the court sits authorizes the exercise of jurisdiction and comports with the dictates of the Due Process Clause of the Fourteenth Amendment. Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). The long-arm statute in West Virginia is coextensive with the constitutional requirement of due process under the Fourteenth Amendment. Vass v. Volvo Trucks North America, Inc., 304 F. Supp. 2d 851, 854 (S.D. W. Va. 2004). Due process is satisfied when the defendant has sufficient minimum contacts with West Virginia so that requiring the defendant to defend its interests in this state would not "offend traditional notions of fair play and substantial justice." Id. at 854.

Nothing in the record indicates that defendant White has the necessary minimum contacts with West Virginia to support a conclusion that this Court has personal jurisdiction over her, nor, for that matter, has the plaintiff alleged such contacts. Defendant White is not a citizen of West Virginia and the plaintiff

has not asserted any contacts by defendant White with West Virginia. The plaintiff cannot establish minimum contacts by alleging that she, or her office, handles West Virginia prisoner appeals. See Cuoco v. Hurley, No. 98-D-2438, 2000 WL 1375273, *1 (D. Colo. Sept. 22, 2000) (signing the reviews of the plaintiff's appeals outside of the state is not sufficient to support a finding of personal jurisdiction) (citing Johnson v. Rardin, No. 91-1211, 1992 WL 9019, *1 (10th Cir. Jan. 17, 1992). Accordingly, this Court finds that it lacks jurisdiction over defendant White, and the plaintiff's complaint should be dismissed as to her.

B.   Race Discrimination Claim

In the plaintiff's complaint, the plaintiff alleges that he could not attend the Life Connections Program because he is Hispanic. The plaintiff seeks damages rather than injunctive relief. To state a constitutional claim for invidious discrimination, the plaintiff must show a physical injury resulting from the alleged violation. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). The injuries that the plaintiff has allegedly suffered for being deprived of attending the Life Connections Program are all psychological. The plaintiff states he has suffered "heartache after heartache, pain after pain, full of hurt and sorrow day by day" and that the pain caused him "to lose [his]

soul, [his] faith, [his] God. And almost [his] life." This allegedly lead to the plaintiff taking prescription drugs for his mental anguish. This, however, is not sufficient for the plaintiff to claim a physical injury. See Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (finding that physical manifestations of emotional injuries are not physical injuries for purposes of the Prison Litigation Reform Act (PLRA)); see also Michtavi v. United States, No. 4:07-CV-0628, 2009 WL 578535, *5 (M.D. Pa. Mar. 4, 2009) (finding that a prisoner using Prozac or other psychotropic drugs used to treat depression is not suffering from a physical injury). Because the plaintiff cannot demonstrate a physical injury, his request for monetary damages for this claim must be denied. Further, the plaintiff did not seek injunctive relief, but even if he did, his claim would be dismissed as moot because there is no longer an alleged constitutional violation to cure as he is no longer at FCI-Gilmer. Therefore, this Court will not address the merits of the plaintiff's racial discrimination claim. Accordingly, this claim must be dismissed.

C. Defendant Ramey

1. All Saints' Day Incident

The plaintiff states in his complaint that "the chaplin [sic] who was also the priest" placed him in the Special Housing Unit ("SHU") before the All Saints' Day Catholic Communion in violation of his First Amendment right to Free Exercise of Religion. The plaintiff was placed in the SHU on October 31, 2006. Defendant

Ramey arrived at FCI-Gilmer on December 10, 2006. Defendant Ramey, therefore, cannot be responsible for these actions and the plaintiff fails to name a defendant who is responsible. Further, as discussed above, the plaintiff may bring a constitutional claim, but he must have suffered a physical injury, which he cannot show here. 42 U.S.C. § 1997e(e). Therefore, this claim must be dismissed.

2. Participation in Readings and Songs

The magistrate judge recommended that the plaintiff's First Amendment Free Exercise claim against defendant Ramey be dismissed with prejudice because the plaintiff did not allege a physical injury and failed to exhaust administrative remedies, but even if the plaintiff had exhausted his remedies, he still failed to state a claim upon which relief can be granted.

First, as mentioned earlier, the plaintiff has failed to allege a physical injury, which is required in an action for damages. 42 U.S.C. § 1997e(e). Second, under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing an action "with respect to prison conditions" under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e. Exhaustion under § 1997e is mandatory, Booth v. Churner, 532 U.S. 731, 741 (2001), and applies to "all inmate suits about prison life." Porter v. Nussle, 534 U.S. 516, 532 (2002). If failure to exhaust is apparent from the complaint, federal courts have the authority pursuant to 28 U.S.C.

7

§ 1915 to dismiss the case sua sponte. Anderson v. XYZ Correctional Health Servs., Inc., 407 F.3d 674, 682 (4th Cir. 2005). Actions brought pursuant to Bivens are subject to administrative exhaustion requirements of the PLRA. Porter, 534 U.S. at 524.

Administrative exhaustion requires an inmate to pursue informal resolution before proceeding with a formal grievance. 28 C.F.R. § 524.13. The BOP's formal administrative process is structured as a three-tiered system. 28 C.F.R. § 542.10, et seq. First, an inmate must submit a written complaint to the warden, to which the warden supplies a written response. 28 C.F.R. §§ 542.11 and 542.14. For inmates who do not obtain satisfactory relief at the first tier, the second tier allows the inmate to file an appeal with the Regional Director of the BOP. 28 C.F.R. § 542.15. The third, and final, tier of the formal administrative remedy process is an appeal to the National Inmate Appeals Administrator for the Office of General Counsel. Id. An inmate's administrative remedies thus are considered exhausted only after pursuing a final appeal to the National Inmate Coordinator for the Office of General Counsel.

Proper exhaustion of a PLRA or Bivens claim requires an inmate to file timely and procedurally sound administrative grievances in compliance with the BOP's administrative grievance process as outlined above. See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines

and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Here, as noted in the magistrate judge's recommendation, the plaintiff filed one remedy request with regard to being denied participation in the Catholic services and it was informally resolved. The plaintiff did not attempt to further exhaust his administrative remedies. He did not follow up on this process within the twenty day time period required to do so. In his objections to the report and recommendations, the plaintiff alleges that there is no way an inmate can exhaust the remedy steps when BOP staff refuses to cooperate. Alleged futility, however, is not sufficient to overcome the exhaustion requirement. Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) (stating that "we will not read futility or other exceptions into statutory exhaustion requirements . . . .").

Based upon a de novo review, this Court finds that the plaintiff has not timely and properly exhausted his administrative remedies for the events giving rise to the plaintiff's First Amendment Free Exercise claim. Therefore, this Court finds that the plaintiff's First Amendment Free Exercise claim must be dismissed for failure to exhaust administrative remedies.

Even if the plaintiff alleged a physical injury and exhausted his administrative remedies with regard to this claim, this Court would still dismiss it. The plaintiff bears the "burden of showing

that the challenged regulation is unconstitutional." Hause v. Vaught, 993 F.2d 1079, 1082 (4th Cir. 1993). The plaintiff does not allege that a BOP regulation is unconstitutional. Instead, he asserts that he was denied the right to participation in religious services. The record shows that this is not accurate. The plaintiff participated in services, but was unhappy with his amount of participation in the services. This is not sufficient to support a claim for violation of the plaintiff's right to free exercise under the First Amendment. Accordingly, the plaintiff's complaint must be dismissed as to defendant Ramey.

C. Defendants Francis, Nichols, and Jones

In this case, the magistrate judge determined that the plaintiff failed to make any specific allegations that defendants Francis, Nichols, and Jones were personally involved in any alleged deprivation of the plaintiff's constitutional rights. Thus, the magistrate judge found that the plaintiff fails to state a claim against defendants Francis, Nichols, and Jones in their personal capacity.[2]

Liability under Bivens is "personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275

---

[2]Rule 8(a) of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief." "And, although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant." Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321, 326 (4th Cir. 2001) (citation and internal quotations omitted).

10

F.3d 391, 402 (4th Cir. 2001). Thus, the plaintiff must specify the acts taken by each defendant which violate his constitutional rights to establish liability under Bivens. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). The only personal involvement that the plaintiff alleges against defendants Francis and Nichols is their denial of the plaintiff's administrative remedies. This type of conduct, however, is not the type of personal involvement required to state a claim. Paige v. Kupec, No. Civ. A. AW-02-3440, 2003 WL 23274357 (D. Md. Mar. 31, 2003). The plaintiff's only allegation of defendant Jones' personal involvement is that Jones served on the Unit Discipline Committee and found evidence to support the plaintiff's conviction on an incident report. Thus, the plaintiff's complaint must be dismissed as to defendants Francis, Nichols, and Jones.

IV. Conclusion

For the reasons set forth above, this Court concludes, after a de novo review, that the magistrate judge's report and recommendation is proper and that the plaintiff's objections to the report and recommendation lack merit. This Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, the defendants' motion to dismiss or, in the alternative, motion for summary judgment is GRANTED and the plaintiff's complaint is DISMISSED WITH PREJUDICE. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 14, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE